**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| COACH, INC.<br>516 W. 34TH STREET<br>NEW YORK, NEW YORK 10001<br><br>and<br><br>COACH SERVICES, INC.,<br>ONE COACH WAY<br>JACKSONVILLE, FLORIDA  32218<br><br>Plaintiffs,<br><br>v.<br><br>MELANIE BROMELOW, INDIVIDUALLY<br>AND dba MEL'S IMAGINATION<br>171 W. MAIN STREET<br>ST. CLAIRSVILLE, OHIO 43950<br><br>and<br><br>GREG BROMELOW, INDIVIDUALLY AND<br>d/b/a MEL'S IMAGINATION<br>171 W. MAIN STREET<br>ST. CLAIRSVILLE, OHIO 43950<br><br>and<br><br>MEL'S IMAGINATION<br>171 W. MAIN STREET<br>ST. CLAIRSVILLE, OHIO 43950<br><br>Defendants. | Case No.: 16-779<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their Complaint against Defendants Melanie Bromelow, individually and d/b/a Mel's Imagination, Greg Bromelow, individually and d/b/a Mel's Imagination and Mel's Imagination (hereinafter referred to as "Defendants"), allege as follows:

## Nature of the Action

1.     This is an action for trademark infringement, trade dress infringement, trademark dilution and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 et seq.); trademark infringement, unfair competition and unjust enrichment under Ohio common law; and unfair competition under O.R.C. §4165.02.

## Jurisdiction and Venue

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Ohio.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.     Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

7.     Upon information and belief, Melanie Bromelow is a resident of Ohio residing at 54138 Highview Row, Martins Ferry, Ohio 43935.

8.     Upon information and belief, Greg Bromelow is a resident of Ohio residing at 54138 Highview Row, Martins Ferry, Ohio 43935.

9.     Upon information and belief, Mel's Imagination is or purports to be a domestic privately held company with its principal place of business located at 171 West Main Street, St. Clairsville, Ohio 43950.

10.    Upon information and belief, at all times relevant, Defendants Melanie Bromelow and Greg Bromelow are or purport to be the owners/members and operators of and conduct business through Mel's Imagination, with its principal place of business located at 171 West Main Street, St. Clairsville, Ohio 43950.

11.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

### The World Famous Coach Brand and Products

12.    Coach was founded seventy-five (75) years ago as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products, including, but not limited to, handbags, wallets, accessories, eyewear, footwear, clothing, outerwear, jewelry and watches (collectively, the "Coach Products").  Coach sells its goods throughout the United States, including in Ohio, through its own specialty retail stores and outlet stores, through various department stores, and via the Internet websites located at www.coach.com and www.coachoutlet.com.

3

13.     Coach Products have become enormously popular and even iconic, driven by Coach's arduous quality standards and innovative designs.  Among the purchasing public, genuine Coach Products are instantly recognizable as such.

14.     Both in the United States and internationally, the Coach brand has come to symbolize high quality, and Coach Products are among the most recognizable handbags and accessories in the world.  Whether made entirely of leather or in combination with printed or other components, genuine Coach Products are greatly coveted as premier fashion accessories of the highest quality.

15.     The unique mix of function, workmanship, fashion and style that goes into each and every genuine Coach Product, as well as the brand's exclusive cache, results in Coach Products commanding a relatively high price at retail.  Coach's loyal customer base willingly pays more for genuine Coach Products than they would pay for lesser products both because Coach Products are of higher quality and durability than competitors' products and because of the prestige associated with genuine Coach Products.  Coach is the exclusive distributor of Coach Products.

**The Coach Trademarks**

16.     Coach has sold leather goods under the COACH mark since 1941.  The types of goods sold under the COACH mark have expanded extensively since then to include all of the Coach Products, and the Coach Products have long been among the most popular luxury lifestyle items.  The COACH mark itself is iconic, symbolizing a unique blend of fashion, craftsmanship, style, and function, whether associated with handbags or other Coach Products.

17.     Coach owns the trademark and trade name "COACH" for the Coach Products, as well as numerous other highly distinctive marks, including, but not limited to, those pictured here:



the "Signature C Mark"          the "COACH Lozenge"          the "Op Art C Mark"

the "Horse and Carriage Logo"          collectively, the "StoryPatch"

18.     Coach incorporates a variety of distinctive marks in the design of its various handbags, purses and other Coach Products.  Coach Products typically include at least one of Coach's federally registered trademarks.  Often several of Coach's trademarks appear on a single Coach Product. Coach also uses these trademarks in connection with the marketing of its Coach Products. Coach and its predecessors have achieved annual sales volume of more than four billion dollars ($4,000,000,000) on products bearing Coach's trademarks.  As such, Coach's trademarks, and the goodwill associated therewith, are among Coach's most valuable assets.

19.     Coach has registered many of its trademarks with the United States Patent and Trademark Office, including, *inter alia*, the following marks, which are collectively referred to as the "Coach Trademarks:

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Pass Cases, Billfolds, Wallets, Pocket Secretaries. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 1,846,801 | COACH | 25 for men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for umbrellas. | June 3, 2008 | COACH |
| 2,231,001 | COACH | 25 for clothing for men, women, namely, coats, jackets, overcoats, raincoats, shirts, vests, scarves, shoes and belts. | March 9, 1999 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,291,341 | COACH | 14 for watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for *inter alia* briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, overcoats, raincoats, scarves, shoes and | July 3, 2012 | COACH NEW YORK |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| | | belts. | | |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries. | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 Stylized | 14 for *inter alia* jewelry | April 15, 2008 | Coach est.1941 |
| 2,534,429 | COACH & Lozenge Design | 9 for eyeglasses, eyeglass frames, and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & Lozenge Design | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & Lozenge Design | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & Lozenge Design | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,169,808 | COACH & Lozenge Design | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & Lozenge Design | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & Lozenge Design | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 1,309,779 | COACH & Lozenge Design | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, purses and | December 19, 1984 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| | | shoulder bags. | | |
| 2,035,056 | COACH & Lozenge Design | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,626,565 | CC & Design (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & Design (Signature C) | 24 for fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & Design (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eyeglass cases, metal key fobs, leather key fobs, jewelry, watches, umbrellas. | April 13, 2004 | |
| 2,592,963 | CC & Design (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & Design (Signature C) | 35 for retail services. | March 16, 2004 | |
| 4,365,898 | COACH Signature C & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 | |
| 3,396,554 | AMENDED CC & Design (Signature C) | 3 for fragrances. | March 11, 2008 | |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,365,899 | COACH OP ART & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 4,105,636 | COACH OP ART & Design | 14, 18, 25 for jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 4,391,741 | COACH LEATHERWARE EST. 1941 & Design | 3 for after-shave, body lotions, fragrances, make-up, perfumes, soaps for personal use. | August 27, 2013 |  |
| 4,296,582 | COACH EST. 1941 NEW YORK & Design | 14,16,18 and 25 for *inter alia* jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 & Design | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH & Design | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & Lozenge Logo | 14 for watches. | September 26, 2006 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,162,303 | COACH & Tag Design | 25 for belts. | June 2, 1998 |  |
| 4,334,351 | COACH & Tag Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |  |
| 3,685,590 | COACH & Tag Design | 14 for bracelets, earrings, jewelry, necklaces, rings being jewelry, watches. | September 22, 2009 |  |
| 2,088,707 | COACH & Tag Design | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |
| 4,744,715 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; wallets; billfolds; luggage tags; cosmetic cases sold empty; toiletry cases sold empty; key cases and wallets; business card cases; credit card cases; coin purses; umbrellas; pet collars and leashes; and leather boxes. | May 26, 2015 |  |
| 4,744,716 | COACH NEW YORK & Design | 16 for notebooks; address books; daily planners; diaries; paper refills for | May 26, 2015 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| | | notebooks, address books, daily planners, diaries, and calendars; paper weights; desk file trays; bookmarks; pencil cases; checkbook covers; money clips; paper shopping bags; boxes of paper or cardboard; paper holders for receipts; and tissue paper. | | |
| 4,744,718 | COACH NEW YORK & Design | 25 for clothing, namely, coats, jackets, overcoats, raincoats, vests, parkas, capes, blouses, shirts, t-shirts, tank tops, tunics, sweaters, sweatshirts, skirts, pants, dresses, scarves, swimwear; belts; gloves; hats; and footwear. | May 26, 2015 |  |
| 4,744,719 | COACH NEW YORK & Design | 3 for fragrances; aftershaves; colognes; leather cleaning and moisturizing preparations; and fabric cleaners. | May 26, 2015 |  |
| 4,744,720 | COACH NEW YORK & Design | 9 for sunglasses; eyeglasses; optical frames; cases for eyeglasses and sunglasses; adapter plugs; cell phone cases; cell phone covers; carrying cases for cell phones; protective covers and cases for tablet computers; and mouse pads. | May 26, 2015 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,721 | COACH NEW YORK & Design | 14 for watches; jewelry; and ornamental pins. | May 26, 2015 |  |
| 4,814,094 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; cosmetic cases sold empty; and toiletry cases sold empty. | September 15, 2015 |  |
| 4,754,870 | COACH NEW YORK | 3, 6 for fragrances; key fobs of common metal; and metal rings and chains for keys. | June 16, 2015 | COACH NEW YORK |

20.    The registrations for these Coach Trademarks are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.  All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation were assigned in full to Coach on or about October 2, 2000.

21.    The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

22.    The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and on other commercial goods.

23.    The registration of the Coach Trademarks also provides sufficient notice to Defendants of Coach's ownership of and exclusive rights in the Coach Trademarks.

24.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks.  As a result, products bearing the Coach Trademarks are widely recognized as being high quality products and are exclusively associated by consumers, the public, and the trade with Coach.  The Coach Trademarks have therefore acquired strong secondary meaning and signal to consumers that Coach is the exclusive source of Coach Products bearing the Coach Trademarks.

25.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

**The Coach Trade Dress**

26.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach Products (the "Coach Trade Dresses").

27.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

28.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach Products.

29.     Coach has employed the Coach Trade Dresses associated with its Coach Products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

**The Coach Copyrights**

30.     Many of the decorative and artistic combinations of the design elements present on Coach Products are independently protected works under the United States Copyright Laws. These design elements are wholly original works and are fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 et seq. (hereinafter referred to as the "Coach Design Elements").

13

31.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design (registration number VAu000704542), its "Signature C" designs (registration numbers VA0001228917, 1748910, and 1017000), its "Op Art" design (registration number VA0001694574), its "Op Art Clover" designs (registration numbers VAU001010918, VAU001017024, VAU001033305, and VAU001038132), and its "Horse & Carriage" designs (registration numbers VA0001714051, 1892008, and 1194715).

32.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Coach Design Elements used on Coach Products, and such copyrights are valid, subsisting and in full force and effect.

**Defendants' Acts of Infringement and Unfair Competition**

33.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things: marketing, displaying, selling counterfeit Coach handbags and accessories, including sunglasses.

34.     On May 21, 2016, an investigator working on Coach's behalf (the "Investigator") visited Mel's Imagination to conduct an undercover purchase of items displayed for sale bearing counterfeit Coach Trademarks. In a sweep of the premises, the Investigator observed approximately 25 purported Coach bags, 1 purported Coach scarf, and 12 pairs of purported Coach sunglasses. Based on training and experience, venue, price point, lack of legitimate hangtags, as well as overall quality of the materials, the Investigator determined the items were counterfeit and infringed on Coach's intellectual property. The Investigator obtained photographs of the counterfeit handbags and accessories and purchased a representative counterfeit handbag prior to leaving Mel's Imagination.

35.     At all times pertinent to this matter, Defendants have advertised and promoted to the public the availability of counterfeit merchandise at Mel's Imagination for the purpose of driving consumers to their business. Mel's Imagination's Facebook page displays numerous photographs of handbags for sale, potentially including Coach handbags.

36.     Upon information and belief, Defendants use the foregoing electronic media to promote, advertise and otherwise solicit customers for purposes of selling, *inter alia*, Infringing Products.

37.     Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses, Coach Copyrights, and the Coach Design Elements, and the incalculable goodwill associated therewith.

38.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, Coach Copyrights or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

39.      Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Trademarks and Coach Products.

40.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendant, the Infringing Products, and Coach.

41.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

42.     Coach has suffered and is continuing to suffer irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

43.     Coach repeats and realleges the allegations set forth in paragraphs 1-42.

44.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

45.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

46.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Trademarks.

47.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

48.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

49.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

50.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

51.     Coach repeats and realleges the allegations set forth in paragraphs 1-50.

52.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

53. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

54. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

55. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

56. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

57. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

58. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

59. Coach repeats and realleges the allegations set forth in paragraphs 1 -58.

60. The Coach Trade Dresses are used in commerce, are non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

61. Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

62. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

63. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

64. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

65. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

67. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IV**
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

68. Coach repeats and realleges the allegations set forth in paragraphs 1-67.

69. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause, such parties to believe, in error, that the Infringing Products have been

authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

70.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

71.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

72.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

73.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT V**
**(Trademark Dilution, 15 U.S.C. § 1125(c))**

74.     Coach repeats and realleges the allegations set forth in paragraphs 1-73.

75.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

76.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

77.     Defendants' use and sale of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach Products.

78.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

79.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

80.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

81.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Copyright Infringement, 17 U.S.C. § 501)**

82.     Coach repeats and realleges the allegations set forth in paragraphs 1-81.

83.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 et seq.).  These include, but are not limited to, the "COACH Design", the "Coach Stylized Design", the Amended CC & Design", the "Op Art Design", the "CC & Design (Signature C)", the "Coach & Lozenge Design", and the "Coach Est. 1941".

84.     Upon information and belief, Defendants had access to and copied the COACH Design, the Coach Stylized Design, the Amended CC & Design, the Op Art Design, the CC & Design (Signature C), the Coach & Lozenge Design, the Coach Est. 1941 and other Coach Design Elements present on Coach Products.

85.     Defendants intentionally infringed Coach's copyrights in the COACH Design, the Coach Stylized Design, the Amended CC & Design, the Op Art Design, the CC & Design (Signature C), the Coach & Lozenge Design, the Coach Est. 1941, and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the COACH Design, the Coach Stylized Design, the Amended CC & Design, the Op Art Design, the CC & Design (Signature C), the Coach & Lozenge Design, the Coach Est. 1941 and other Design Elements present on Coach products, without Coach's consent or authorization.

86.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 et seq.

87.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

88.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

89.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VII**
**(Common Law Trademark Infringement)**

90.     Coach repeats and realleges the allegations set forth in paragraphs 1-89.

91.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

92.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

93.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

94.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

95.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Ohio.

96.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

97.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

98.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Violation of the Ohio Deceptive Trade Practice Act – O.R.C. 4165)

99.     Coach repeats and realleges the allegations set forth in paragraphs 1-98.

100.     The foregoing acts of Defendants constitute unfair competition in or affecting commerce in violation of the Ohio Revised Code Section 4165.02.

101.     The foregoing acts of Defendants constitute unfair and deceptive trade practices in or affecting commerce in violation of the Ohio Revised Code Section 4165.02.

102.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

103.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

104.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

105.     Pursuant to Ohio Revised Code Section 4165, Coach is entitled to an award of reasonable attorney's fees.

## COUNT IX
### (Common Law Unfair Competition)

106.     Coach repeats and realleges the allegations set forth in paragraphs 1-105.

107.     The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Ohio.

108.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

109. Upon information and belief, Defendants intends to continue their infringing acts, unless restrained by this Court.

110. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
### (Unjust Enrichment)

111. Coach repeats and realleges the allegations set forth in paragraphs 1-110.

112. The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Ohio.

## COUNT XI
### (Piercing the Corporate Veil)

113. Coach repeats and realleges the allegations set forth in paragraphs 1-112.

114. Mel's Imagination is in the business of defrauding Coach and consumers by manufacturing, advertising, marketing, distributing, offering for sale, and/or selling counterfeit merchandise as set forth above.

115. Melanie Bromelow and Greg Bromelow are members and/or officers of Mel's Imagination and control Mel's Imagination.

116. Mel's Imagination is a mere instrumentality through which Melanie Bromelow and Greg Bromelow perpetrate the acts of counterfeiting, fraud, and infringement alleged in this Complaint.

117. The advantages and protections afforded officers, directors, and members of a limited liability company under Ohio law do not apply when the limited liability company is used to facilitate criminal or fraudulent activities.

118. For the foregoing reasons, Melanie Bromelow and Greg Bromelow, individually and d/b/a Mel's Imagination are liable for the activities of Mel's Imagination, as well as for any activities undertaken in their personal capacity.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against the Defendants as follows:

A.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have engaged in trademark infringement and unfair competition under the common law of Ohio; (iv) Defendants have engaged in unfair competition in violation of the O.R.C. 4165.02; and (v) Defendants have been unjustly enriched in violation of Ohio common law;

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with her from:

1.     Manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially indistinguishable from or confusingly similar thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements; or

2.     Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Coach;

C.     Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products,

including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, designed, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way to Coach and/or the Coach Products;

F.      Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Coach and attorneys' fees under Ohio Revised Code 4165;

J.      Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

K.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

L.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  July 25, 2016

Respectfully submitted,

/s/ Matthew C. O'Connell
MATTHEW C. O'CONNELL (0029043)
TIFFANY S. ALLISON (0089315)
SUTTER O'CONNELL CO.
1301 East 9th Street
3600 Erieview Tower
Cleveland, Ohio 44114
(216) 928-4530 phone
(216) 928-3630 facsimile
moconnell@sutter-law.com
tsallison@sutter-law.com
Attorneys for Coach, Inc. and
Coach Services, Inc.